**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| **MICHAEL BRADFORD**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**BURGESS INFORMATION SYSTEMS, INC. d/b/a PROCARE RX** and **MC-21 LLC d/b/a MC-RX**,<br><br>Defendants. | **Case No.**: |

## NOTICE OF REMOVAL

Defendants, Burges Information Systems, Inc. d/b/a Procare RX and MC-21 LLC d/b/a MC-RX, by and through the undersigned attorneys and pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby give notice of removal of this action from the Superior Court of Hall County in the State of Georgia ("Superior Court") to the United States District Court for the Northern District of Georgia, Gainesville Division ("Northern District"). In support of removal, Defendants state as follows:

## DISCUSSION

### I. Introduction and Background

On or about April 9, 2026, Plaintiff, Michael Bradford, commenced this action styled *Michael Bradford v. Burges Information Systems, Inc. d/b/a Procare RX and*

*MC-21 LLC a/b/a MC-RX* and assigned Case. No. 2026-cv-000602 in the Superior Court. This action arises out of an alleged data security incident (the "Incident") pursuant to which Plaintiff alleges Defendants failed to safeguard the personally identifiable information ("PII") and protected health information ("PHI") of Plaintiff and a putative class defined to be "[a]ll individuals in the United States who had Private Information impacted as a result of the Data Breach" (the "Class"). *See* Compl., ¶¶ 1-144. The claims asserted by Plaintiff, individually and on behalf of the Class, consist of: Negligence (Count I); Negligence *Per Se* (Count II); Breach of Implied Contract (Count III); Unjust Enrichment (Count IV); and Declaratory Judgment (Count V). *Id.*, ¶¶ 145-225. On April 14, 2026, each of the Defendants received a copy of the Summons and Complaint. As required by 28 U.S.C. § 1446(a), a true and legible copy of all process, pleadings, orders, and other papers or exhibits then on file in the Superior Court is attached hereto as **Composite Exhibit "A."**

## II. Basis for Jurisdiction

### A. This Action is Removal Under the Class Action Fairness Act of 2005 ("CAFA")

Pursuant to CAFA, this action is removable under Section 1441 because the district courts of the United States have original jurisdiction. See 28 U.S.C. § 1332(d); *see also id.* § 1453(b) (setting forth the procedure for removing class actions). "[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . .." 28

U.S.C. § 1441(a). CAFA provides federal district courts with original jurisdiction over putative class actions in which (1) the aggregate number of members in the proposed class is 100 or more; (2) the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs;" and (3) the parties are minimally diverse, meaning "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B); *see also Roe v. Michelin N. Am., Inc*., 613 F.3d 10158, 1062 (11th Cir. 2010) ("[C]ourts may use … common sense in determining whether the case stated in the complaint meets federal jurisdictional requirements."). As explained below, these requirements are met, and this matter is removable.

**1. This is a Putative Class Action in which the Aggregate Number of Proposed Class Members is 100 or More.**

This is a putative class action within the meaning of CAFA, which defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B); *see also Atlanta Postal Credit Union v. Cosby*, 374 Ga. App. 863, 868, 912 S.E.2d 137, 144 (2025), *reconsideration denied* (Mar. 14, 2025), *cert. denied* (July 1, 2025) ("[B]ecause OCGA § 9-11-23 is based on Rule 23 of the Federal Rules of Civil Procedure, it is appropriate that we look to federal cases interpreting that rule for guidance.") (internal quotations and citations omitted).

Plaintiff filed this action under O.C.G.A. § 9-10-93, which provides, in pertinent part, "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all" when "[t]he class is so numerous that joinder of all members is impracticable;" there are "questions of law or fact common to the class;" the "claims or defenses of the representative parties are typical of the claims or defenses of the class;" and the "representative parties will fairly and adequately protect the interests of the class." O.C.G.A. § 9-10-93(a)(1)-(4). Plaintiff alleges a putative class of more than 100 members. Compl. ¶ 137 ("the Class consists of thousands of current and former customers/patients/employees of Defendants").

**2. The Amount in Controversy Exceeds $5,000,000.**

To remove a case from state court, a defendant must plead only a "short and plain statement of the grounds for removal" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) ("[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."). This standard is satisfied when it is "facially apparent" from the complaint that the claims likely exceed $5,000,000. *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 89. "The amount in controversy is not proof of the amount the plaintiff will recover. Instead, it is an estimate of the

amount that will be put at issue in the course of the litigation." *Pretka*, 608 F.3d at 751.

CAFA authorizes courts to aggregate the claims of individual class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). The question is not "whether plaintiff will actually recover sufficient damages," only whether the plaintiff seeks damages that exceed the jurisdictional limit. *Williams v. LM Gen. Ins. Co*., 387 F. Supp. 3d 1366, 1369 (M.D. Fla. 2019) (internal quotation marks and citation omitted). In addition, "when a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co*., 228 F.3d 1255, 1265 (11th Cir. 2000). Here, the relief Plaintiff requests on behalf of himself and the proposed class demonstrates that there is more than $5,000,000 at issue. Plaintiff seeks to recover damages pursuant to O.C.G.A. § 9-11-23 for "thousands of current and former customers/patients/employees of Defendants whose data was compromised in the Data Breach." Compl. ¶137. While Plaintiff doesn't explicitly state a specified amount sought for Plaintiff and the Class Members' damages, recent data breach lawsuits reveal damages amounted to well over $5,000,000.00. *See, e.g., In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1258 (11th Cir. 2021) (noting "[u]nder the terms of the settlement, Equifax agreed to pay an initial $380.5

million into a fund to benefit the class members and to pay attorney's fees and expenses, incentive awards, as well as notice and administration costs."); *In re: AT&T Inc. Customer Data Security Breach Litigation*, Case No. 3:24-cv-00757-E at 6 (N.D. Texas June 6, 2025) (entering preliminary approval order of $177,000,000.00 settlement fund). Defendants do not concede Plaintiff or the Class were damaged at all, let alone in the amounts reflected in the foregoing data breach class actions, but Defendants cite these recent data breach class actions as illustrative examples of the magnitude of damages Plaintiff and the Class may seek to recover in this action for the purposes of removal.

**B. The Parties are Minimally Diverse.**

The parties are minimally diverse because "any member of [the class] of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Plaintiff is alleged to be a citizen of Roanoke, Texas. Compl. ¶20. Defendants are citizens of Georgia. Thus, the minimal diversity requirement is met because at least one putative class member (Plaintiff) is diverse from Defendants. Further, the Class consists of individuals located throughout the United States of America in seeming recognition of the services offered by Defendants to citizens located throughout the United States of America and not only those located in the state of Georgia. Because this action is a putative class action involving more than 100 alleged class members, claiming more than $5,000,000 in relief in the aggregate,



65436074v1

and involving minimal diversity between Plaintiff and Defendants, the action is removable under CAFA.

## III. Venue

Pursuant to 28 U.S.C. § 1441(a), venue for removal is proper in Gainesville Division of the United States District Court for the Northern District of Georgia because this "district and division embrace" the Superior Court of Hall County, where the action was originally pending.

## IV. Removal is Timely

Defendants were first served with Plaintiff's Complaint on April 14, 2026. The instant Notice of Removal has been timely filed within thirty (30) days of Defendants' receipt of the Complaint as required by 28 U.S.C. § 1446(b). Accordingly, removal of this action to the United States District Court for the Northern District of Georgia, Gainesville Division, is proper and timely.

## V. Rule of Unanimity

The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal or file a written consent to the removal. Here, both Defendants consent to removal and jointly file this Notice of Removal.

## VI. Notice Provided

Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of the instant Notice of Removal will be promptly served on all parties, and a copy will be promptly filed with the Clerk of the Court for the Superior Court. A copy of the Notice of Filing of Notice of Removal that will be promptly served on all parties and filed with the Clerk of the Court for the Superior Court is attached hereto as **Exhibit "B."**

## VII. Process and Pleadings

As required by 28 U.S.C. § 1446(a) Defendants have attached copies of the Superior Court process and pleadings to this Notice of Removal. A true and legible copy of all process, pleadings, orders, and other papers or exhibits of every kind then on file in the Superior Court are attached hereto as **Composite Exhibit "A."**

## VIII. Reservation of Rights

Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' right to assert any defense or affirmative matter, including without limitation a motion to dismiss pursuant to Fed. R. Civ. P. 12. Indeed, Defendants do not accept the allegations in the Complaint as true, deny that they violated any laws, and expressly reserve all defenses and rights with respect to Plaintiff's claims. *See, e.g., Pretka*, 608 F.3d at 751 ("The amount in controversy is not proof of the amount the plaintiff will recover."); *Key v. DSW, Inc.*, 454 F. Supp.

2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages.").

## CONCLUSION

Defendants, Burges Information Systems, Inc. d/b/a Procare RX and MC-21 LLC d/b/a MC-RX, have satisfied all required removal procedures. Accordingly, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, this Court has jurisdiction over this action and Defendants hereby remove this action from the Superior Court to the United States District Court for the Northern District of Georgia, Gainesville Division. Defendants respectfully request that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Superior Court. Defendants further request any other relief that the Court deems appropriate under the circumstances. Should any questions arise as to the propriety of the removal of this action, Defendants respectfully requests the opportunity to submit additional papers and to present oral argument.

Dated: May __, 2026.

Respectfully submitted,

GREENSPOON MARDER LLP

*/s/ Alan S. Clarke*

Alan S. Clarke
Georgia Bar No. 128225
1100 Peachtree Street, NE, Suite 924
Atlanta, GA 30309

Phone Number: (470) 466-1714
Email: Alan.Clarke@gmlaw.com
-and-
Lawren A. Zann
(*Pro Hac Vice admission anticipated*)
Meagan Nicholson
(*Pro Hac Vice admission anticipated*)
200 E. Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: (954) 333-4345/Fax: (954) 848-3974
Email: lawren.zann@gmlaw.com
Email: meagan.nicholson@gmlaw.com

*Counsel for Defendants*

## CERTIFICATE OF COMPLIANCE RULE 7.1D

Pursuant to Local Rule 7.1D, the undersigned counsel hereby certifies that the foregoing Notice of Removal complies with the font and point selections approved by the Court in Local Rule 5.1. This document was prepared on a computer using Times New Roman font (14 point).

*/s/ Alan Clarke*
Alan Clarke

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was electronically filled with the Clerk of Court and will be served on all counsel of record via email.

*/s/ Alan Clarke*
Alan Clarke